IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JONATHAN VALENTIN,<br>    Plaintiff, | : <br> : <br> : | |
| v. | : <br> : | CIVIL ACTION NO. 20-CV-2043 |
| MTGLQ INVESTORS, L.P., *et al.*,<br>    Defendants. | : <br> : | |

## MEMORANDUM

McHUGH, J.                                                                                           MAY 4, 2020

Plaintiff Jonathan Valentin, proceeding *pro se*, filed this action based on allegations that foreclosure proceedings in state court were erroneously decided against him. He seeks leave to proceed *in forma pauperis*. (ECF No. 1.) For the following reasons, the Court will grant Mr. Valentin leave to proceed *in forma pauperis* but dismiss his Complaint without prejudice for lack of jurisdiction.

## I.      FACTUAL ALLEGATIONS

The factual allegations of the Complaint are sparse though the exhibits are lengthy. The basis for Mr. Valentin's claims is that a mortgage foreclosure proceeding initiated against him in the Philadelphia Court of Common Pleas culminated in an unlawful foreclosure on his property. (*See* Compl. ECF No. 2 at 4.) Valentin's appeals of the adverse judgment to the Pennsylvania Superior Court and Pennsylvania Supreme Court were both unsuccessful. (*Id.*)

After losing in the state courts, Valentin filed the instant civil action. The Complaint names as Defendants: (1) MTGLQ Investors, L.P., the entity that initiated the foreclosure proceedings against Valentin; (2) Stephen M. Hladik, the attorney for MTGLQ Investors; (3) Benjamin D. Kohler, Esq., identified as a Deputy Prothonotary; (4) the Honorable Daniel Anders, the Judge who ruled against Valentin; and (5) the City of Philadelphia Sheriff's

Department, which played a role in transferring ownership of the property.  (*Id.* at 1-2, 4.)  As relief, Valentin asks this Court to "overturn" the final judgment issued by the Philadelphia Court of Common Pleas, "issue a Sheriff Sale refund," "correct ownership on the title and deed" and "reschedule the final date of judgment for December 2020."[1]  (*Id.* at 4.)  Mr. Valentin attached numerous exhibits from the state court proceedings, which clarify the nature of this action.  Upon review, it clear that he is seeking a review of those proceedings.  (*See id.* at 7-19) (listing table of contents and arguing that the state court was incorrect in various respects).

## II.   STANDARD OF REVIEW

The Court will grant Mr. Valentin leave to proceed *in forma pauperis* because it appears that he is not capable of pre-paying the fees to commence this civil action.  Because Valentin has been granted leave to proceed *in forma pauperis*, § 1915(e)(2)(B) requires the Court to dismiss the Complaint if it is frivolous, malicious, fails to state a claim, or seeks relief from an immune defendant.  Additionally, the Court must review the Complaint and dismiss the matter if it determines that subject matter jurisdiction is lacking.  *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*").  A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction.  *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction

---

[1] These requests are reiterated in Valentin's Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 1 at 1), which confirms that he essentially intends to appeal the adverse judgment to this Court.

rests with the party asserting its existence.") (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006)).

**III.   DISCUSSION**

Pursuant to the *Rooker-Feldman* doctrine, "federal district courts lack jurisdiction over suits that are essentially appeals from state-court judgments." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 165 (3d Cir. 2010). Based on that principle, the *Rooker-Feldman* doctrine deprives a federal district court of jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 166 (quotations omitted). "[T]here are four requirements that must be met for the *Rooker-Feldman* doctrine to apply: (1) the federal plaintiff lost in state court; (2) the plaintiff complains of injuries caused by the state-court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Id.*

Mr. Valentin lost in state court before filing his Complaint. He claims that the state court's judgment resulted in an unlawful foreclosure and asks this Court to review and reject that judgment. Indeed, Valentin explicitly seeks to appeal the state court judgment to this Court for review and rejection of the state court's rulings. Because it is apparent that Valentin's lawsuit is, in fact, an improper appeal of the adverse state court judgment in the mortgage foreclosure proceeding, the Court lacks jurisdiction over this case.

**IV.   CONCLUSION**

For the foregoing reasons, the Court will grant Valentin leave to proceed *in forma pauperis* and dismiss Valentin's Complaint without prejudice for lack of subject matter

jurisdiction.  As Mr. Valentin cannot cure the defect in his Complaint, the Court concludes that amendment would be futile.  An appropriate Order follows.

**BY THE COURT:**


    /s/ Gerald Austin McHugh
United States District Judge